Filing # 69598475 E-Filed 03/21/2018 01:41:22 PM

3/28/18
2:35 pm
[handwritten]

| Grace Sloan | : | IN THE COUNTY COURT IN AND |
| | : | FOR BROWARD COUNTY, FLORIDA |
| | : | CASE NO. _____ |
| | : | JUDGE_____ |
| | : | DIV._____ |
| **PLAINTIFF** | | |
| VS: | | |
| Credit Control, LLC | : | **SUMMONS/NOTICE TO APPEAR FOR** |
| | : | **PRETRIAL CONFERENCE** |
| | : | |
| | : | Pretrial Information: Appear at |
| | : | 3550 Hollywood Boulevard,Hollywood, FL 33021 |
| **DEFENDANT** | | on 05/15/2018 at 1:30 PM in South Courtroom 230. |

STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S):

Grace Sloan
c/o Kuhn Raslavich, P.A.
2124 W. Kennedy Blvd., Ste. B
Tampa, Florida 33606

Credit Control, LLC
c/o CT Corporation System, RA
1200 South Pine Island Road
Plantation, Florida 33324

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Broward County Courthouse in Courtroom_____, located at_____, _____ on _____ at_____ for a **PRETRIAL CONFERENCE** before a Judge of this court.

**IMPORTANT  –  READ  CAREFULLY**
**THE CASE WILL NOT BE TRIED AT THAT TIME.**
**DO NOT BRING WITNESSES--APPEAR IN PERSON OR BY ATTORNEY.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE.** The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request that a transfer, or you must file a **WRITTEN** request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

A copy of the statement of claim shall be served with this summons.

**DATED at**_____Florida, on _____ MAR 21 2018 _____

Filed by:_____
Address:_____
_____
_____

                                    **BRENDA D. FORMAN**
                                    **AS CLERK OF THE COURT**

                              By_____

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, FL 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

---

**I.      CASE STYLE**

## IN THE COUNTY COURT IN AND FOR BROWARD COUNTY

Grace Sloan,

Plaintiff,                                                     Case No.:

v.

CREDIT CONTROL, LLC,

Defendant.

**II.      TYPE OF CASE**      (If the case fits more than one type of case, select the most definitive   category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
　☐ Business governance
　☐ Business torts
　☐ Environmental/Toxic tort
　☐ Third party indemnification
　☐ Construction defect
　☐ Mass tort
　☐ Negligent security
　☐ Nursing home negligence
　☐ Premises liability—commercial
　☐ Premises liability—residential
☐ Products liability
☐ Real property/Mortgage foreclosure
　☐ Commercial foreclosure $0 - $50,000
　☐ Commercial foreclosure $50,001 - $249,999
　☐ Commercial foreclosure $250,000 or more

☐ Homestead residential foreclosure $0 -  $50,000
☐ Homestead residential foreclosure $50,001 -  $249,999
☐ Homestead residential foreclosure $250,000 or  more
☐ Nonhomestead residential  foreclosure
　  $0 - $50,000
☐ Nonhomestead residential  foreclosure
　  $50,001 - $249,999
☐ Nonhomestead residential  foreclosure
　  $250,000 or more
☐ Other real property actions $0 -  $50,000
☐ Other real property actions $50,001 -  $249,999
☐ Other real property actions $250,000 or  more
☐ Professional malpractice
　☐ Malpractice—business
　☐ Malpractice—medical
　☐ Malpractice—other  professional
☐ Other
　**X  Antitrust/Trade regulation**
　☐ Business  transactions
　☐ Constitutional challenge—statute or  ordinance

☐ Constitutional challenge—proposed amendment
☐ Corporate trusts
☐ Discrimination—employment or other
☐ Insurance claims
☐ Intellectual property

☐ Libel/Slander
☐ Shareholder derivative action
☐ Securities litigation
☐ Trade secrets
☐ Trust litigation

III.   **REMEDIES SOUGHT** (check all that apply):
X monetary;
☐ nonmonetary declaratory or injunctive relief;
☐ punitive

IV.   **NUMBER OF CAUSES OF ACTION:** [ 1 ]
(specify) Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
■ no

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
■ no
☐ yes If "yes," list all related cases by name, case number, and court.

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
■ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____   Fla. Bar #    102808    _____   Attorney or party
                                                              (Bar # if attorney)

_____
   Benjamin Raslavich                                     3/21/18
(type or print name)                                        Date

**IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

GRACE SLOAN,

      Plaintiff,

v.                                    Case No.:

CREDIT CONTROL, LLC,

      Defendant.

_____/

**NOTICE OF DESIGNATION OF EMAIL
ADDRESS FOR SERVICE OF COURT DOCUMENTS**

KUHN RASLAVICH, P.A., by and through the undersigned attorney, hereby designates

the following email addresses for use pursuant to the Florida Rule of Judicial Administration

2.516:

ben@theKRfirm.com

Jennifer@theKRfirm.com

**CERTIFICATION OF SERVICE**

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served

on the Defendant along with the summons in this action.

Respectfully submitted by:

*/s/ Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff

**IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

GRACE SLOAN,

    Plaintiff,

v.                                             Case No.:

CREDIT CONTROL, LLC,

    Defendant.

_____/

**STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL**

    Plaintiff GRACE SLOAN ("Plaintiff"), by and through her undersigned counsel, seeks redress for the unlawful practices of Defendant, CREDIT CONTROL, LLC ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and in support thereof, alleges the following:

**NATURE OF THE ACTION**

**I.**    **THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to ensure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2. In enacting the FDCPA, the United States Congress found that "[t]here is abundant

evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3.  Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.  Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. In particular, § 1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> (1)  the amount of the debt[.]

15 U.S.C. § 1692g(a) (emphasis added). *See, McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012) ("Merely including the required [§ 1692g(a)] notice in letters to consumers is not sufficient. The notice must also be set forth in a form and within a context that does not distort or obfuscate its meaning. A debt collector may violate Section 1692g if other language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice.").

5. Section 1692f of the FDCPA states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" and "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f.

6. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including:

> (2) The false representation of--
>
>> (A) the character, amount, or legal status of any debt; or
>>
>> [...]
>
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

7. The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also, Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

8. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

9. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See, Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer**…" (emphasis added) (internal quotations and citations omitted)).

10. In the Eleventh Circuit, "[w]hether a particular communication is false or deceptive is a question for the jury." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985)); *see also, Lopera v. Midland Credit Mgt., Inc.*, 8:16-CV-1448-T-33JSS, 2016 WL 6650744, at *3 (M.D. Fla. Nov. 10, 2016)("[W]hether a letter is misleading raises a question of fact. Generally speaking, 'a jury should determine whether the letter is deceptive and misleading.'")(quoting *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015)).

## JURISDICTION AND VENUE

11. This is an action for damages greater than $500 but less than $2,500, exclusive of attorney's

fees and costs.

12. This action arises out of the Defendant's unlawful conduct, to wit, the acts and/or omissions of the Defendant in attempting to collect a consumer debt from Plaintiff violated the FDCPA.

13. Venue in this District is proper because Plaintiff resides here, the Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

14. Plaintiff is natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is a foreign limited liability company doing business in Florida.

17. Defendant holds itself out as a business providing debt collection services and identified itself as a "debt collector" when communicating with Plaintiff.

18. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

19. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

21. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

## **FACTUAL ALLEGATIONS**

23. Plaintiff is alleged to owe a financial obligation related to amounts allegedly due for consumer/personal purchases made on credit (hereinafter the "Alleged Debt").

24. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

25. On or about January 8, 2018, Defendant sent or caused to be sent a written communication to Plaintiff (hereinafter "Defendant's Collection Letter"). A true and correct copy of Defendant's Collection Letter is attached hereto as "Exhibit A".

26. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

27. Defendant's Collection Letter was Defendant's initial communication with Plaintiff with respect to the Alleged Debt.

28. Defendant did not communicate with Plaintiff again in writing within five (5) days of Defendant's initial communication with Plaintiff.

29. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

30. Defendant's Collection Letter states that the "Amount Due" of the Alleged Debt is $2,525.35.

31. Upon information and belief, at the time Defendant's Collection Letter was sent, the balance of the Alleged Debt was subject to increase due to contractual interest, pre-judgment interest, fees and/or costs.

32. Defendant's Collection Letter does not disclose that the balance of the Alleged Debt is subject to increase due to interest, fees and/or costs.

33. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes, documents and/or information provided to Defendant by the creditor(s) of the Alleged Debt, the underlying agreement creating the Alleged Debt, and/or account statements for the Alleged Debt, that the balance of the Alleged Debt was subject to increase due to interest and fees.

34. Defendant's Collection Letter was mailed to Plaintiff in an envelope with a transparent plastic window through which a "QR Code" located on the top left of the front side could be seen. Said QR Code, when scanned, reveals a series of numbers and letters that corresponds to information contained within Defendant's Collection letter that is relevant to Plaintiff and/or the Alleged Debt.

35. All conditions precedent to the filing of this action have occurred or been waived.

**COUNT I**
**VIOLATION OF THE FDCPA AS TO FAILURE TO**
**EFFECTIVELY CONVEY THE AMOUNT OF THE ALLEGED DEBT**

36. Plaintiff re-asserts and re-alleges paragraphs 1 through 35 as if fully restated herein.

37. As detailed more fully above, Defendant's Collection Letter failed to advise Plaintiff that the amount of the Alleged Debt as stated in Defendant's Collection Letter was subject to increase.

38. The form and content of Defendant's Collection Letter violates the FDCPA as it fails to effectively convey the amount of the Alleged Debt. Specifically, Defendant's Collection Letter violates:

    a.  Section 1692g(a)(1), by failing to state the amount of the Alleged Debt. *See, e.g.,*

*Melillo v. Shendell & Associates, P.A.*, 2012 WL 253205 at \*4 (S.D. Fla. Jan. 26, 2012)("Simply stating the amount due is not enough, however [...] The letter 'must state the amount of the debt clearly enough that the recipient is likely to understand it.'")(citing *Chuway v. Nat'l Action Fin. Servs., Inc.,* 362 F.3d 944, 948 (7th Cir.2004)); *Anselmi v. Shendell & Associates, P.A.*, 12-61599-CIV, 2014 WL 5471111, at \*2 (S.D. Fla. Oct. 29, 2014)("A debt collector is also required to inform a debtor if the debt is subject to adjustment by the creditor on a periodic basis.")

b. Section 1692e, by failing to disclose the amount of the Alleged Debt was subject to increase. *See, e.g., Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 77 (2d Cir. 2016)("The collection notices at issue here stated only the 'current balance' but did not disclose that the balance might increase due to interest and fees. Thus, Plaintiffs have stated a claim that these notices were 'misleading' within the meaning of Section 1692e."); *Sperber v. C. Credit Services, LLC*, 2017 WL 1737702, at \*5 (E.D.N.Y. May 1, 2017)("Having alleged that interest was accruing on his debt and that CCS failed to either disclose this interest or otherwise disclaim its right to collect it, Sperber has stated a plausible claim that the collection notices he received from CCS were misleading under Section 1692e of the FDCPA").

c. Sections 1692e(10), 1692e(2)(A) and 1692f, by failing to disclose the amount of the Alleged Debt was subject to increase. *See, e.g., McNamee v. Debski & Associates, P.A.*, 2016 WL 5391396, at \*3 (M.D. Fla. Sept. 27, 2016).

39. Defendant's violations of 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) are material, in that they would impact the least sophisticated consumer's decision making process.

40. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has been materially mislead in violation of federal law. *See, e.g., McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt [...] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. [...] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

41. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT II
## VIOLATION OF THE FDCPA AS TO VISIBLE QR CODE

42. Plaintiff re-asserts and re-alleges paragraphs 1 through 35 as if fully restated herein.

43. Defendant violated §1692f(8) of the FDCPA by using a symbol, other than the debt collector's address, on the envelope used to communicate with Plaintiff by mail. In short, the envelope used to mail Defendant's Collection Letter displayed a QR Code through the transparent window of the envelope which, when scanned, reveals a series of numbers and

letters relevant to Plaintiff and the Alleged Debt.

44. Under the same facts as are present in the instant case, the Court in *Palmer v. Credit Collection Servs.* explicitly articulates why Defendant violated the FDCPA by displaying a QR Code through the transparent window of the envelope which contained the Collection Letter:

> [Section] 1692f(8) [of the FDCPA] ... forbids the debt collector from "[u]sing any language or symbol" on the envelope sent to a consumer to collect a debt. The bar code, of course, is a symbol. Thus, it is undeniable that §1692f(8) forbids the appearance of the bar code through the transparent window of the envelope sent to the debtor. We must apply the statute as written unless, as our Court of Appeals directs, the result would be absurd. *See* Id. at 302-03. An oft-cited example of absurdity in this context would be to read the statute to disallow the debt collector from affixing a stamp to the envelope. *See* Id. at 303.
>
> Congress, for example, could have described or attempted to describe in §1692f(8) what specific language or symbols would or would not have been inimical to the purposes of the FDCPA. Instead, Congress decided to impose a blanket prohibition against any language or symbol on the envelope except for the return address of the debt collector and its name "if such name does not indicate that [it] is in the debt collection business." *See* §1692f(8). This approach provides certainty to debt collectors and avoids the problem of having to decide on a case by case basis what language or symbols intrude into the privacy of the debtor or otherwise constitute "an unfair or unconscionable means to collect or attempt to collect a debt." *See* §1692f. Congress wrote into the law a bright-line rule with respect to markings on envelopes sent to debtors and authorized the award of damages to debtors if debt collectors violate the plain language of §1692f(8).
>
> We cannot say that what Congress has done leads to an absurd result in this case. The bar code in issue is designed to apply specifically to the plaintiff and relates to the debt she allegedly owes. Contrary to the focus of the parties' arguments, it is irrelevant whether the bar code, when scanned, reveals a scrambled or unscrambled number. Again, §1692f(8) plainly forbids bar codes of any kind.

160 F. Supp. 3d 819, 822-23 (E.D. Pa. 2015).

45. The *Palmer* Court's rational was recently adopted by the Southern District of Florida in *Michael v. HOVG, LLC*, 16-CV-62651, 2017 WL 129111, at \*4 (S.D. Fla. Jan. 10, 2017).

46. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has been materially mislead in violation of federal law. See, e.g., *McCamis v. Servis One, Inc.*, 2016 WL 4063403, at \*2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt […] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. […] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at \*8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

47. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## DEMAND FOR JURY TRIAL

48. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against

Defendants, awarding Plaintiff the following relief:

      (a)    Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

      (b)    Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k; and

      (c)    Any other relief that the Court deems appropriate and just under the circumstances.


DATED: March 21, 2018

                                        Respectfully submitted by:

                                        */s/ Benjamin W. Raslavich*
                                        **BENJAMIN W. RASLAVICH, ESQ.**
                                        Florida Bar No.: 0102808
                                        **KUHN RASLAVICH, P.A.**
                                        2124 W. Kennedy Blvd., Suite B
                                        Tampa, Florida 33606
                                        Telephone: (813) 422 – 7782
                                        Facsimile: (813) 422 – 7783
                                        ben@theKRfirm.com
                                        Counsel for Plaintiff

EXHIBIT A

PO Box 546
Hazelwood MO 63042
PHONE: (877) 980-1040

PO BOX 51790
LIVONIA MI 48151-5790



RETURN SERVICE REQUESTED

GRACE E SLOAN JR

FT LAUDERDALE FL 33312-6173

CREDIT CONTROL, LLC
PO BOX 546
HAZELWOOD MO 63042-0546

01/08/18

To make a payment online, please visit our website at
www.credit-control.com.

| Reference # : | Account # : | Amount Due |
|---|---|---|
| 758 | ###########3725 | $ 2,525.35 |
| Creditor: Bank of America, N.A. | | |

✂  Detach Upper Portion And Return With Payment  ✂

## *** IMPORTANT COLLECTION NOTICE ***

REFERENCE # :          758

CREDIT CONTROL LL(
PO Box 54
Hazelwood MO 6304
PHONE: (877) 980-104

RE : Your account with our client
     **Bank of America, N.A.**

**AMOUNT DUE : $ 2,525.35**

Dear GRACE E SLOAN JR,

Please be advised that the account listed above has been referred to us by the above creditor in the amount of $ 2525.35 representing the balance due for services rendered and accepted.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very Truly Yours,
*John Crosby*
JOHN CROSBY
Senior Claims Adjuster

To make a payment online, please visit our website at www.credit-control.com.

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

I195

**REQUIRED STATE NOTICES**
We are required under state law to notify consumers of the following rights. This list does not contain a complete list of rights consumers have under federal and state Law.

**CALIFORNIA:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collections Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at **1-877-FTC-HELP** or www.ftc.gov

**COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR . You may pay in person at 1776 S. Jackson #900 Denver, CO 80210. You can reach our in-state office at 720-287-8692

**MASSACHUSETTS:** NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

**MINNESOTA:** This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK CITY:** Credit Control, LLC is licensed by the New York City Department of Consumer Affairs for:
5757 Phantom Dr. Suite 330 Hazelwood, MO 63042 # 1233281
9929 Race Track Road, Tampa, FL 33626 #1472700
4710 Eisenhower Blvd Suite A-2, Tampa FL 33634 #1470332
5555 Redwood Dr. Suite 120, Las Vegas, NV 89118 #2023195

**NORTH CAROLINA:** North Carolina Department of Insurance Permit Number for:
5757 Phantom Dr. Suite 330 Hazelwood, MO 63042 # 103251
9929 Race Track Road, Tampa, FL 33626 # 105448
4710 Eisenhower Blvd Suite A-2, Tampa FL 33634 #1111872
5555 Redwood Dr. Suite 120, Las Vegas, NV 89118 #112540

**TENNESSEE:** This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance.